Frederick JONES, Plaintiff–Appellant,

v.

DEPARTMENT OF ARMY BOARD FOR THE CORRECTION OF MILITARY RECORDS, Defendant–Appellee.

No. 03–6005.

United States Court of Appeals, Second Circuit.

Oct. 1, 2003.

**40**

Frederick Jones, Jamaica, NY, for Appellant, pro se.

James B. Comey, United States Attorney for the Southern District of New York (Judd C. Lawler and Meredith E. Kotler), New York, NY, for Appellee, of counsel.

PRESENT: MESKILL, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Frederick Jones, pro se, appeals from an order of the United States District Court for the Southern District of New York (Denny Chin, *Judge* ), dismissing his case against the Department of the Army Board for the Correction of Military Records.

This case raises the issue of whether the district court properly *sua sponte* dismissed the complaint of Frederick Jones, *pro se*, on *res judicata* grounds. The doctrine of *res judicata* prevents parties from relitigating issues in subsequent litigation that were or could have been litigated in a prior action. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The doctrine of *res judicata* will only apply if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284–85 (2d Cir.2000).

Here, as the district court correctly determined, Jones's previous federal court action involved the same parties as the present action, and that action was disposed of on the merits when the district court granted summary judgment to the defendant. *See Jones v. Dep't of the Army Bd. for Corr. of Military Records*, No. 99–civ–4423, 2000 WL 890377 (S.D.N.Y.2000); *see also Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 714–15 (2d Cir.1977) (summary judgment is dismissal on the merits for *res judicata* purposes).

As to the identity of issues being litigated, application of the *res judicata* bar depends on whether the two proceedings in question concern the same transaction or series of transactions, whether the same evidence is needed to support both claims, and whether facts essential to the second proceeding were present in the first. *See Securities and Exchange Commission v. First Jersey Securities*, 101 F.3d 1450, 1463 (2d Cir.1996). Here, although Jones seeks review of a different decision of the Army Board for the Correction of Military Records than the one he sought review of in his prior federal action, both federal actions concern the propriety of a single transaction: Jones's discharge from the Army. Furthermore, in both cases, Jones sought a determination that his Army discharge was procedurally flawed. Because both federal cases filed by Jones turn on the same underlying set of facts, and because the legal issues raised in each are identical, the district court's conclusion that the present case was barred by the

*res judicata* effect of the first was proper, and is affirmed.